(43 South. 529.)

No. 16,316.

ALBERT HANSON LUMBER CO., Limited, v. ANGELLOZ et al.

(March 18, 1907. Rehearing Denied April 15, 1907.)

1. PRESCRIPTION—BASIS—SALE OF REALTY.

A sale made on the condition that it shall be found that the vendor was owner of the property cannot serve as a basis for prescription, if it is found that the vendor was not owner. The accomplishment of the condition retroacts to the date of the sale, placing matters in the same situation in which they would have been if the sale had not been made; and hence any possession by the vendee is one without a title.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Adverse Possession, §§ 415–417.]

2. SAME—DEED—DEFECTIVE DESCRIPTION.

A deed describing a different tract of land from the one in controversy is not translative of the land in controversy, and therefore cannot serve as a basis for prescription.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Adverse Possession, §§ 463–467.]

(Syllabus by the Court.)

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Albert Campbell Allen, Judge.

Action by the Albert Hanson Lumber Company, Limited, against Emile Angelloz and others. Judgment for plaintiff. Defendants appeal. Affirmed.

Charles Frank Borah, for appellant Albert Verdun. Hubert Marion Ansley and Henry Mayer, for appellants warrantors. O'Niell & Alpha, for appellee.

PROVOSTY, J. The land in dispute, which is a tract of timbered swamp land, and is described as lots 2 and 3 of section 36, was acquired by plaintiff's authors by patent from the United States in 1848.

Defendants claim title by exchange with Valentin Schwan in 1879, and by the prescriptions of 10 and 30 years.

The heirs of Schwan, cited in warranty, aver that their father acquired by purchase from the state in 1878.

This title from the state was conditional on the Secretary of the Interior deciding that the state was owner, and he decided, on the contrary, that she was not. Hence this title is not now insisted on by defendants, except as a basis for the prescription of 10 years.

But even for that purpose it cannot serve, since a conditional title cannot serve as a basis for prescription, except subject to the condition therein expressed. Marcade on C. N. art. 2269. Moreover, the accomplishment of the condition retroacted to the date of the sale (Civ. Code, art. 2041), "placing matters in

the same state as though the obligation had not existed" (Civ. Code, art. 2045), and consequently Schwan possessed (if at all) without any title.

The act of exchange describes, and purports to transfer, a different tract of land from the one in dispute, namely, lots 3 and 4 of section 34, and therefore it is not translative of the land in dispute, and, such being the case, cannot serve as a basis for prescription. Civ. Code, art. 3479.

The area given, however, is that of the land in dispute, and defendants' learned counsel argue that this area made it patent that the intention was to transfer the land in dispute, and not the lots of section 34 mentioned in the act. They say, further, that, as a matter of fact, the plaintiff was not deceived, since it was itself the owner of the lots mentioned in the act; and, they say, finally, that the mistake has now been corrected, and the situation made whole.

A sufficient answer is that, until the correction was made, defendants had no title to the land in dispute, and therefore have not possessed for 10 years by virtue of a title. A deed to lots in section 34 is not a title to lots in section 36.

So far as the prescription of 30 years is concerned, defendants do not pretend to have had any connection with the land, by possession or otherwise, before 1878; and 30 years have not elapsed since then.

The lower court gave judgment against the heirs of Schwan for $2,500, as representing the present value of the land given in exchange, with the right on their part to satisfy the judgment by restoring the land given in exchange, and allowed a delay of 10 days in which to restore the land. Complaint is made that this valuation is too high, and that the 10 days allowed in which to make the election whether to return the property or pay the judgment is too short. We do not find the valuation too high, from the evidence; and, moreover, nothing compels the war-

rantors to pay it. They have the option of returning the property, which, so far as we can see from the record, is virtually in the same condition as at the date of the exchange; and no reason is assigned why the delay is too short.

Judgment affirmed.