(82 South. 392)

No. 21574.

McHUGH et al. v. ALBERT HANSON LUMBER CO.

(June 2, 1919.)

*(Syllabus by Editorial Staff.)*

1. TAXATION ⚖➡764(1) — TAX TITLE — DESCRIPTION.

In a petitory action by heirs, and by one acquiring an interest from them, against defendant claiming under a tax sale as against ancestor covering swamp lands designated only by description according to name of owner and map of United States survey, *held*, that a deed describing lands belonging to G. in township 11 did not identify swamp lands belonging to L., or his estate, in township 12, nor did a description of lands in section 27, range 8, identify swamp land in section 7, range 10.

2. TAXATION ⚖➡764(1) — DESCRIPTION OF LAND—IDENTITY.

A tract of swamp land, which cannot be described otherwise than by the name of the owner and the United States survey, cannot be said to be identified by a description which gives neither.

3. TAXATION ⚖➡770 — TAX TITLES — DESCRIPTION OF LAND—STATUTE.

Act No. 185 of 1904, protecting titles derived at sale made under Act No. 107 of 1880, cannot operate to identify lands which are not identified in the tax collector's deed, but only protects the title described in the deed.

4. ADVERSE POSSESSION ⚖➡80(1, 2)—TAX TITLE—PRESCRIPTION.

In a petitory action by heirs, etc., involving land to which title is claimed by defendant through tax deeds, defendant's claim of title by the prescription of 10 and 30 years could not prevail, as the defect or absence of description was fatal to such defenses.

5. ADVERSE POSSESSION ⚖➡43(4)—TACKING.

Where swamp land, on which no one actually lived, and which was claimed, under tax deeds which described other lands, by persons whose only possession of the land was by making survey and occasionally cutting wood on it, was conveyed by such persons to defendant by deed containing only the description "all swamp land," etc., and the only delivery of possession was the fictive one accompanying the authentic act of sale, defendant's possession could not be tacked to the possession of the prior holders; for the possession which thus followed the title was necessarily that of the land described in the title and of no other, and therefore not of the land in controversy.

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Petitory action by Michael W. McHugh and others against the Albert Hanson Lumber Company. Judgment for defendant, and plaintiffs appeal. Judgment set aside, and decreed that plaintiffs be recognized as owners, and that writs of possession issue putting them in possession.

Weeks & Weeks, of New Iberia, for appellants.

Emmet Alpha, of Franklin, and Burke & Smith, of New Iberia, for appellee.

PROVOSTY, J. This is a petitory action involving lots 5, 6, 7, 9, and 10 of section 25, township 12 south, range 10 east, and that part of section 7, township 12 south, range 11 east, lying on the north side of Little Bayou Pigeon.

Plaintiffs acquired by inheritance from Richard Lynch, except McHugh, who acquired an undivided half interest from his co-plaintiffs.

By claiming through a tax sale for taxes due by Richard Lynch, defendant admits that Richard Lynch was owner. In addition, plaintiffs show that Richard Lynch acquired the lots in section 25 from estate of C. B. Green Wheldon in 1858; and that C. B. Green Wheldon acquired from the government.

Defendant claims to have acquired from Albert Hanson, and that the latter had acquired one undivided interest at a sale made by the tax collector in 1881 under Act No. 107 of 1880, and the other undivided half from Christopher Green, who had acquired at the same tax sale. The lands were thus

sold as having been theretofore adjudicated to the state for taxes due by Richard Lynch. A separate deed was made by the tax collector for each of the two tracts which he thus sold jointly to Albert Hanson and Christopher Green.

[1] The description in one of these deeds fits the lots in section 25 exactly, except that the land is said to be in township 11 (instead of 12), and that it is said to have been adjudicated to the state for taxes due by C. B. Green instead of Richard Lynch; or rather of his estate, for the adjudication of the land at tax sale to the state must have been made after his death, if any was ever made. We say "if ever," because no adjudication to the state could be produced.

The description in the other deed reads:

"A certain tract of land situated in the parish of Iberia, containing seventy $94/100$ of an acre being E. ½ of S. W. ¼ of Sec. 27, T. 12, S., R. 8 E., 217.28 lot 3, Sec. 27 T. 12 S., R. 8 E. 39.00 W. of S. E. ¼ Sec. 27 T. 12 S. R. 8 E. 72.32, all of section north of Little Bayou Pigeon."

The only part of this description that could by any possibility be said to apply to the land in section 7, to which defendant would apply it, is the concluding portion, viz.: "72.32, all of section north of Little Bayou Pigeon." The section here referred to as north of Little Bayou Pigeon could only be section 27, township 12 south, range 8, for that is the only section mentioned in the deed. However, the deed recites that the land was adjudicated to the state for taxes due by Richard Lynch; and the figures 72.32 correspond with the area owned by Richard Lynch in section 7 on the north side of Little Bayou Pigeon.

The land in controversy is swamp, and is not known by any other designation than by the description according to name of owner and map of United States surveys. Needless to say, a description of land belonging to C. B. Green situated in township 11 does not identify swamp land belonging to Richard Lynch, or his estate, situated in township 12; and still less does a description of land situated in section 27, range 8, identify swamp land situated in section 7, range 10.

[2] For making the description of the deed apply to section 25, range 12, defendant says that section 25, range 11 (which is the section mentioned in the deed), is not subdivided into lots, and moreover is not situated in the parish of Iberia; and that therefore the deed can only apply to section 25, range 12. This reasoning would go to show that the description in question does not fit any land in the parish of Iberia, but not that it fits the land in controversy. A tract of swamp land which cannot be described otherwise than by the name of the owner and the United States surveys cannot be said to be identified by a description which gives neither. For overcoming the defect in the name, the defendant's learned counsel show that in 1872, Peyton Lynch, the husband of one of the plaintiffs, having established a swamper's camp on this land, Christopher Green told him to move off, as the land belonged to him (Christopher Green), and that Peyton Lynch did move off; and counsel add that—

"The indications are that Christopher Green actually held the land under a tax deed of about 1874 which was lost or destroyed."

What these "indications" consist of, counsel do not say; but we find that the lots in section 25 were assessed to C. B. Green in 1874. Whether the C. B. Green to whom the land was thus assessed was Christopher Green or C. B. Green Wheldon (the latter it will be remembered had acquired the land from the government) is disputed between counsel.

In like manner, for making the description in the other deed apply to section 7, range 11, defendant says that Little Bayou Pigeon does not run through section 27, township 12,

range 8, at all (which is the section described in the tax collector's deed), and that the area of the Richard Lynch land situated on the north side of the bayou in section 7, range 11, is correctly given, if the N. W. ¼ of the section, which did not belong to Richard Green, be excluded; and that therefore the description in the deed must have been intended for the land in section 7, range 11, though it names a different section and a different range. Counsel also say that the land to which the description in the deed applies is land in cultivation; whereas, the deed recites that the land sold is swamp. We do not find any such recital in the deed. As to the circumstance of Little Bayou Pigeon not running through section 27, we can only say of that circumstance what we said in connection with the lots in section 25—that it would go to show that the description in the deed does not fit section 27, range 8, but would not go to show that it fits section 7, range 11.

[3] Defendant invokes Act No. 185 of 1904, protecting titles derived at sales made under the hereinabove mentioned Act No. 107 of 1880. But said Act 185 of 1904 cannot operate to identify lands which are not identified in the tax collector's deed; and, necessarily, the only land it can protect the title to is that described in the deed. The necessity that the description should be sufficient to identify the land has frequently been held in connection with the constitutional prescription of three years. Brock v. McIlhenny, 136 La. 903, 67 South. 951, and cases there cited.

[4] Defendant also claims title by the prescriptions of 10 and 30 years. But the said defect, or absence of description, is fatal to those defenses also.

For one of the requisites of the prescription of 10 years is a title translative of the property (Albert Hanson Lumber Co. v. Angelloz, 118 La. 861, 43 South. 529); and in order to be translative of the property the title must identify it; and this, the tax collector title of defendant does not do. Nor is the description in the deed by Christopher Green to Albert Hanson any better, for it is precisely similar. And as for the deed by Albert Hanson to the defendant company the only description in it is as follows:

"All swamp land, pull boats, steamboats, barges, pile driver, logs now lying in Bayou Teche and Grand Lake and elsewhere."

This description, if it can be called one, we need hardly say adds nothing to the description by which Albert Hanson acquired.

[5] This alleged transfer to defendant was made in 1895. Defendant's alleged possession, therefore, does not go further back than this, unless it can be tacked onto the alleged possession of Albert Hanson and Christopher Green. But no one actually lived on this swamp land; the only possession Albert Hanson or Christopher Green ever had of it was by making survey, and occasionally cutting cordwood on it, and at one time deadening and floating away some timber, (quantity not stated); and the only delivery of possession was the fictive one which accompanies the authentic act of sale. The possession which thus followed the title was necessarily that of the land described in the title, and of no other; and therefore not of the land in controversy. Railroad Co. v. Le Rosen, 52 La. Ann. 192, 26 South. 854; Sibley v. Pierson, 125 La. 514, 51 South. 502.

The judgment appealed from is set aside, and it is now ordered, adjudged, and decreed that the plaintiffs, Michael W. McHugh, for an undivided half, and Mrs. Lila Lynch, wife of Peyton Lynch, W. Hugh Lynch, Richard M. Lynch, Charley Lynch, J. Alex Lynch, F. Houston Lynch, Ester Lynch, for the other undivided half, be and are hereby recognized as the owners of the N. E. ¼, and the subdivision or part lying on the north side of Little Bayou Pigeon, of section 7, township

12 S., range 11 E., and also of lots 5, 6, 7, 9, and 10 of section 25, township 12 S., range 10 E., parish of Iberia; and that writs of possession issue putting them in possession thereof. And that the defendant the Albert Hanson Lumber Company, Limited, pay the costs of this suit.

O'NIELL, J., is recused.