### BRUCE et al. v. HOLSTEIN et al.
### No. 4620.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1934.

J. A. & J. H. Williams, of Colfax, for appellant.

S. R. Holstein, of Winnsboro, for appellees.

TALIAFERRO, Judge.

Otis Bruce and LeRoy Bruce, the sole heirs of their mother, Viola Street Bruce, instituted this suit, a petitory action, against W. C. Holstein, Trudia Jones, and John H. Strickland, to recover an undivided one-half interest in and to lot 3, being the N. W. ¼ of N. E. ¼ of Sec. 5, Tp. 9 N., R. 1 E., in the parish of Grant, La.; and to recover rent for

the use and occupancy thereof for several years.

The petition declares that the land was patented to Patrick C. Street as a homestead in 1906, and that the heirs of Street sold and conveyed it to George W. Bruce, petitioners' father, during the lifetime of their said mother, and was owned by him when she died; that, as her sole heirs, they inherited their mother's community half of said land at her death. Possession of the land by defendants since December 19, 1924, is alleged.

Defendants assert ownership of said land, admit actual possession thereof, and deny that plaintiffs have any right or interest thereto or therein. They called H. W. Kendrick in warranty. He was personally served, but did not answer, so far as we are informed by the record; no default was entered against him.

Defendants filed a plea of prescription of ten years, acquirendi causa, wherein they allege that they and their authors in title have had the public and peaceable possession of the land in controversy, under just title, translative of property, for more than 20 years; and that both plaintiffs were over the age of 22 years when this suit was filed.

The trial judge found that LeRoy Bruce was over 22 years old when the suit was filed, sustained the plea of prescription as to him, and rejected his demand; and also found that Otis Bruce had not reached the age of 22 years when suit was filed and recognized him to be the owner of an undivided one-fourth interest in the land. Plaintiffs' demand for rent was rejected. On the call in warranty, the judgment contains the following reference: "That the same judgment herein rendered against the defendants, be rendered in favor of defendants against their warrantors in title."

LeRoy Bruce has appealed. Defendants have not answered the appeal, made no appearance in this court, nor filed brief.

The land in dispute was patented to Patrick C. Street by the United States in 1906. A large number of grantors, presumably the heirs of the patentee, on June 19, 1910, sold and conveyed the land to George W. Bruce, but the description in the deed reads lot 2 instead of lot 3, and, on April 22, 1911, Bruce attempted to sell the land to Alexander W. Mobley, and the same error occurred. The record contains no other conveyances of the land, but it is evident that it passed by mesne conveyances through several owners before defendants acquired deed to it. There is in the record a copy of a judgment rendered by the ninth district court, Grant parish, on June 26, 1926, which specifically decrees that the descriptions in the following deeds: F. R. Street et als. to George R. Bruce, recorded in Conveyance Book "P," page 639; George W. Bruce to Alexander W. Mobley, recorded in Book "R," page 620; Alexander W. Mobley to Lemuel B. Scott, recorded in Book "T," page 101; Lemuel B. Scott to John W. Scott, recorded in Book "T," page 366; L. B. Scott to Walter Slay, recorded in Book "T," page 384; J. W. Scott to Walter Slay, recorded in Book "T," page 385; Walter Slay to Mrs. R. Kendrick, recorded in Book "Y," page 170; be corrected to read "Lot 3 of Section 5, Township 9 North, Range 1 East," whereas said description read "Lot 2" of that section, township, and range.

The record in that suit is not in the transcript before us. Henry W. Kendrick was plaintiff. Apparently it was brought against every one who owned an interest in the land back to the Street heirs. There is no deed in the present record running to Henry W. Kendrick, nor to the defendants herein. No note of evidence was taken when the case was tried. At the request of attorneys for both sides, the trial judge wrote and signed a statement of the facts, found by him in the case, which is in the record. He states that the deeds, the descriptions of which were corrected in the Kendrick suit, were introduced in evidence. He found that Mrs. Bruce, mother of plaintiffs, died January 4, 1910; that Otis Bruce was 22 years old on November 21, 1931; and that LeRoy Bruce was 24 years of age when this suit was filed on September 30, 1931. He also says that Holstein and Kendrick, defendants, had improved the property since they went into possession of it.

The record is not in satisfactory condition, many documents offered in evidence being omitted therefrom, but with the statement of facts of the lower court and admissions in the pleadings, it is possibly near enough complete to justify us in undertaking to pass upon the one question involved, and that is: Could the deeds of this property, containing erroneous descriptions of the land sought to be conveyed, form the basis for the beginning of the current of prescription acquirendi causa, or did such prescription only have its inception with the judgment of the court in 1926, which corrected the errors of description in the various deeds, back to the entryman? If prescription began with the deeds, especially that of plaintiffs' father to Mobley in 1911, LeRoy Bruce is barred thereby. If it only began when the errors were corrected by the court's decree in 1926, it is clear the period had not entirely run when this suit was filed.

Article 3478 of the Civil Code, as amended by Act No. 64 of 1924, is as follows: "He who acquires an immovable in good faith and by just title prescribes for it in ten years. This prescription shall run against interdicts, married women, absentees and all others now excepted by law; and as to minors this prescription shall accrue and apply in twenty-two years from the date of the birth of said minor; provided that this prescription once it has begun to run against a party

shall not be interrupted in favor of any minor heirs of said party."

Article 3479 of the Code, inter alia, requires that the title referred to in article 3478, supra, shall be legal "and sufficient to transfer the property"; and article 3483 reads: "To be able to acquire by the species of prescription mentioned in this paragraph, a legal and transferable title of ownership in the possessor is necessary; this is what is called in law a just title."

Therefore, to serve as the basis of the prescription of 10 years, in addition to good faith, which is always presumed, and actual possession, neither of which is controverted in the present case, the title relied upon must, in itself, be sufficient to transfer the ownership of the property sought to be conveyed, if executed by the true owner; "a legal and transferable title of ownership in the possessor is necessary." If the title is not "just" and sufficient of itself to translate ownership of the land intended to be transferred, it cannot form the basis of the prescription of 10 years acquirendi causa. Material error of description, or a description not sufficient to identify the land, is sufficient to affect the conveyance as being not just and not sufficient to transfer title of ownership within the meaning of the Code. This principle has been upheld in many recent cases in the Supreme Court. It has also been held that, until correction of erroneous description of land is made, prescription does not begin to run.

A leading case on the subject, referred to in practically all subsequent cases involving the same question, is Albert Hanson Lumber Company v. Angelloz, et al., 118 La. 861, 43 So. 529, 530. In that case lots 2 and 3 of section 36 were involved. Defendant's deed called for lots 3 and 4 of section 34. The court said: "The act of exchange describes, and purports to transfer, a different tract of land from the one in dispute, namely, lots 3 and 4 of section 34, and therefore it is not translative of the land in dispute, and, such being the case, cannot serve as a basis for prescription. Civ. Code, art. 3479."

Defendant's counsel in that case argued that from certain incidental statements connected with the description in his deed, the intent was deductible; that plaintiff was not deceived since it was already the owner of the land described in the deed; and they say, finally, "that the mistake has now been corrected and the situation made whole." The court's reply to these arguments is as follows: "A sufficient answer is that, until the correction was made, defendants had no title to the land in dispute, and therefore have not possessed for 10 years by virtue of a title. A deed to lots in section 34 is not a title to lots in section 36."

In Salmen Brick & Lumber Company v. H. Weston Lumber Company, 144 La. 186, 80 So. 249, quoting from the syllabus, the court said: "A deed describing a different tract of land from the one in controversy is not translative of the land in controversy, and cannot serve as a basis for prescription."

This question is dealt with in Bendernagel v. Foret et al., 145 La. 115, 81 So. 869, 870, from which we quote the following pertinent statement:

"We do not consider it sufficient, to support a plea of prescription of 10 years, that the description in the deed relied upon might be construed to include the land in question. It is necessary, to sustain the plea, that the deed relied upon is prima facie—not merely that the purchaser believed it to be—translative of the property in question. As to the title, of course, it is sufficient, to sustain the prescription of 10 years, that the purchaser, in good faith, believed that his vendor owned the property; but, as to the deed being upon its face translative of the supposed title, the description must include the property in question. See Albert Hanson Lbr. Co. v. Angelloz et al., 118 La. 861, 43 So. 529, where the defendants based their plea of prescription of 10 years upon a deed containing an error in the section number, which had been corrected, and as to which it was said:

" 'Until the correction was made, defendants had no title to the land in dispute, and therefore have not possessed for 10 years by virtue of a title.' "

It will be noted that the court, in this case, positively affirmed the doctrine of the Albert Hanson Lumber Company Case, supra, as to when the prescriptive period begins where a defective description has been corrected.

The following cases affirm the court's holdings in the foregoing quoted from cases: McHugh v. Albert Hanson Lbr. Co., 145 La. 425, 82 So. 392.; Harang et al. v. Gheens Realty Co. et al., 155 La. 68–93, 98 So. 760; Bayard v. Baldwin Lbr. Co., 157 La. 994, 103 So. 290.

The most recent case we have been able to find is Matthews v. Olla State Bank et al., 164 La. 463, 470, 114 So. 98, 100. The court, in that case, referring to the plea of prescription of ten years, said: "* * * But to acquire title under that prescription one must hold possession, as owner, under a deed translative of the property held. One who holds such possession, under a deed which erroneously describes the property held, does not hold under and by virtue of a deed translative of the property held. Albert Hanson Lbr. Co. v. Angelloz, 118 La. 861, 43 So. 529."

The same question is presented in Dawidoff v. Roxana Petroleum Corporation (D. C.) 2 F.(2d) 370, the syllabus of which is as follows:

"Plea of prescription of 10 years is not

supported by a sheriff's deed, which on its face conveys land in a township other than that in which is the land in question

"Specific performance will not be decreed against purchaser, where there is a misdescription in sheriff's deed in vendor's chain of title, which constitutes a serious basis of attack on the title, even though eventually it might not be held sufficient for recovery from proposed purchaser."

The court, in support of its decision, cites the Albert Hanson Lumber Company Case and the Salmen Brick & Lumber Company Case, supra.

The running of prescription against plaintiffs did not begin until the judgment was rendered in the case of Kendrick v. Mrs. F. S. Street et al., referred to above, on June 26, 1926. It therefore follows that LeRoy Bruce's right to assert ownership to one-fourth interest in the land described in this suit was not barred by the prescription of 10 years when sued and served with process of court herein.

For the reasons herein assigned, the judgment of the lower court, in so far as it rejected the suit of LeRoy Bruce and held that his right to recover the interest in the land sued for was barred by the prescription of 10 years, is annulled, avoided, and reversed; and there is now judgment recognizing said LeRoy Bruce as owner of an undivided one-fourth interest in said land and entitled to the possession thereof. In all other respects the judgment appealed from is affirmed. Defendants are cast for all costs.

The deed to defendants from H. W. Kendrick is not in the record. The price of the sale is not disclosed. Therefore, we are unable to render a decree in favor of defendants on the call in warranty. Defendants' rights in this respect are reserved to them.