LOTTINGER, Judge.
This matter was instituted in the form of a possessory action by Mrs. Pearl B. Duplantis and her husband, Curtis B. Du-plantis, against the defendant, John Lo-cascio, wherein it was alleged that the latter had illegally disturbed the plaintiffs in their possession of a certain tract of land situated in the Parish of Tangipahoa in the South Half of Section 36, Township 6 South, Range 7 East. The petition sought judgment quieting the plaintiff’s possession and damages. The defendant Locascio answered the petition, denying that the plaintiffs were in possession of the tract and denying also that he had disturbed them but admitting that he had erected a fence on a tract of land owned by him and not in the possession of the plaintiffs.
Subsequently, the defendant, John Locas-cio, and Charles Locascio filed suit against Mr. and Mrs. Duplantis alleging themselves to be the owners and possessors of certain real property adjacent to that owned by the Duplantis couple. Specifically, it was alleged that the defendants in this suit own the Northwest quarter of the Southwest quarter of Section 36, Township 6 South, Range 7 East and another tract in the Southwest Quarter of said section, and that the plaintiffs own and possess the Northwest quarter of the Northwest quarter of the Southeast Quarter of Section 36, Township 6 South, Range 7 East. Pertinent are the further allegations of this petition and the prayer thereof, which read as follows:
“5.
“Your petitioners show that the defendants are claiming a strip of property 41 feet on the north and by 403^ feet long by 33 feet on the south side lying between the quarter section line and the highway which is a part and parcel of petitioners’ property.
“6.
“Your petitioners show that despite repeated surveys that the petitioners refuse to recognize the quarter section line as the boundary line.
“7.
“Your petitioners show that they are entitled to have judgment recognizing them as being the owners of the property described in Article 2 hereinabove and to have a boundary line fixed in accordance with their title dividing the property between your petitioners and defendants.
“8.
“Your petitioners show that this is a matter of surveying and that they desire the court to appoint a surveyor to fix the boundary line as between petitioners’ and defendants’ property.
“9.
“Your petitioners show that they have had property surveyed by Mr. C. M. Moore *127 and they annex hereto plat of survey of Mr. Moore dated January 16th, 1947, as petitioners’ exhibit No. 1 which property shows and locates the line between the two properties designating the property of your petitioners and the property of defendants lines to the west of the quarter section line.
“10.
“Your petitioners aver amicable demand without avail.
“Wherefore, the premises considered, your petitioners pray that'their petition be filed, that the defendants be cited to appear and/or answer according to law and in due course and after citation and hearing had hereupon, there be judgment rendered in favor of your petitioners, John A. Locascio and Charles Locascio, and against the defendants, Mrs. Pearl B. Du-plantis decreeing and recognizing your petitioners as the owners of the property described in Article 2 hereinabove and fixing the boundary line between the property of petitioner and that of defendant in accordance with the Survey of C. M. Moore, annexed hereto as plaintiffs’ exhibit No. 1 as the quarter section line and all according to law.
“Your petitioners further pray that an order enter herein appointing a surveyor to fix the boundary between the property of petitioners on the East and defendants on the West and in due course to make his return to this Honorable Court in conformity with the law and in due course that said survey be homologated, approved and established as the boundary line between the property of petitioners on the East and the Property of defendants on the west and that henceforth said surveyed quarter section line shall constitute the boundary running north and south between the respective properties of petitioners and defendants.”
Pursuant to the plaintiffs’ prayer the trial judge appointed Mr. T. A. Tycer, C. E., to survey the boundary line. The defendants in this suit then answered admitting ownership of the tract alleged by the Locascios to belong to them and averring the east boundary line of their property to be the west boundary line of Highway No. 51. It was further set forth in the answer that the Duplantis couple and their authors in title have been in actual public, physical and unequivocal possession of this land for a period of more than sixty years until disturbed by Lo-cascio. In addition to setting out their title, they further pleaded thirty years prescription acquirendi causa under LSA-Civil Code Articles 852 and 3499.
By agreement of counsel the suits were consolidated for trial with the understanding that separate judgments would be rendered in each. After trial in the court below, judgment was rendered in the pos-sessory action in favor of the defendant, John Locascio, rejecting the plaintiffs’ demands, and in the other action in favor of the plaintiffs, John and Charles Locascio, decreeing them to be the owners of the property in dispute and homologating the survey of T. A. Tycer, C. E., decreeing the boundary line between the two properties as per the plat of survey made by him and filed in evidence.
Following these adverse judgments, Mr. and Mrs. Duplantis asked for and were granted an order of appeal in each case to the Supreme Court. That court, however, found that as the record did not affirmatively show that the value of the land in controversy exceeded $2,000, it was without jurisdiction and consequently the matter was transferred to us. See 223 La. 11, 64 So.2d 624.
An examination of the record and particularly the map of T. A. Tycer, C. E., shows that the dispute centers around a strip of land some 660 feet in length along the west side of Highway 51 by 42 feet in width at the northern end and 36.5 feet in width at the southern end. The record further shows that the Duplantis title calls for its eastern boundary the center line of Section 36 and that the Lo-cascio title calls for its western boundary the center line of Section 36. Or, to put it another way, the boundary between the two *128 properties according to titles, would be the line between the Southwest and Southeast quarters of the section. According to the Tycer survey, this line lies 42 feet west of the highway on the north and 36.5 west of the highway on the south.
Coming to the issues presented by the possessory action, we find that the disturbance complained of by Mr. and Mrs. Duplantis, as alleged, was the erection by the defendant, John Locascio, of a fence on the western line of the strip of land described above. We find also, for reasons which will be pointed out hereafter, that at the time of this disturbance and for more than a year previous thereto, the Duplantis couple had enjoyed the requisite possession of the property and they would, of course, therefore be entitled to be quieted in their possession unless Locascio could affirmatively show title in himself.
It will be remembered that after John Locascio answered the possessory action, he and Charles Locascio instituted suit in which they alleged both the ownership and possession of the disputed area and asked that a survey thereof be made. The main defense to this action was the plea of thirty years acquisitive prescription and we now address ourselves to the issues raised by this plea. According to Mrs. Du-plantis, she, her mother and grandmother had all peaceably possessed the property up to Highway 51 until June 1947, when the fence was erected. She testified that a well had been placed by her mother on the property some 25 or 30 years previous and that the property had been under fence as long as she could remember, or to her knowledge, some 55 or 60 years. Ac•cording to another witness, Mr. Joe Demarco, the plaintiff and their authors in title had been in possession of the property for 42 years, which was as long as he had lived in the neighborhood. This man stated that the property had been fenced along the highway until same was widened, at which time the fence was moved back. A Mr. Murphy Blader, who stated that he had lived in the vicinity since 1920, testified that in that year the property was fenced to the road. Another witness, a Mr. Leslie Meeker, stated that he moved in the neighborhood in 1896 and that Mrs. Duplantis’ ancestors were in possession of the property up to the road at that time and since. He also stated that the property was under fence and that the highway was always recognized as the boundary between the two places.
John Locascio testified that he himself had been in possession of the disputed area for 10 or 12 years. He admitted having rented property of Mrs. Duplantis further to the west for that period of time, but asserted that he cultivated and possessed the disputed strip as owner. This testimony is effectively rebutted, however, by the introduction of a lease dated June 1, 1943, whereby Locascio rented from Mrs. Du-plantis and her then co-owners a tract of land described as follows:
“Eleven (11) acres of land more or less being all that certain property owned by the estate of John and Eliza Bloomquist, fronting on the paved Hammond-Ponchatoula Highway (U. S. Highway 51) and running back between the estate boundary lines to the old home place, being the front 11 acres off of the said entire estate lands.” (Emphasis supplied.)
Undoubtedly Locascio, during the term of the lease, which was from 1943 to 1944, possessed the strip of land merely as a tenant. Thereafter, the lease was continued through a verbal agreement and we find nothing in the record which would indicate a change of status until the erection of the fense by him in 1947.
The record affirmatively shows, we think, that Mr. and Mrs. Duplantis and their authors in title have exercised sufficient possession over the tract to acquire same by 30 year acquisitive prescription. ■Counsel for the Locascios, however, strenuously contend that as Mr. and Mrs. Du-plantis did not acquire the property until July 3, 1945, and that as their title did not call for the highway as the boundary, but rather the center line of Section 36, *129 that they cannot tack on to the possession exercised by previous holders, citing McHugh v. Albert Hanson Lumber Co., 145 La. 421, 82 So. 392 and other authorities.
The record clearly shows, as counsel states, that Mr. and Mrs. Duplantis have not themselves possessed the property for a period of thirty years and to be successful in their plea they would have to tack their possession on to that of their authors in title. This they claim they can do and cite in support thereof LSA-C.C. art. 852, which reads as follows:
“Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession.”
The jurisprudence as we understand it has interpreted the above article to apply only to actions in boundary and not to petitory actions unless the property in dispute is included in the title. See Tate v. Cutrer, La.App., 53 So.2d 285 and authorities therein cited. It is equally clear, however, that Article 852 allows the defendant in a boundary action to hold any quantity of land beyond his title he or those under whom he holds may have possessed for 30 years. The question then to be decided is whether the action instituted by the Locascios is a petitory action or an action in boundary.
A reading of the pleadings filed by the Locascios and quoted in part in the first part of this opinion shows that they alleged both the ownership and the possession of the disputed area. It is elementary, of course, that a petitory action can be filed only by one who is not in possession and therefore for this reason we do not believe that the pleadings could be construed as a petitory action. Moreover, the portions of the petition quoted above as well as the prayer thereof show that the real relief sought by the Locascios was the fixing of the boundary line. For these reasons, we believe that the action filed by the Locascios was not a petitory one but an action in boundary.
This case presents a situation where there is a visible boundary, the highway, which has been in existence for more than 30 years and where the plaintiffs (Duplan-tis) and their predecessors in title have been in possession of, in addition to the land described in their title, additional land extending to that visible boundary. Clearly then LSA-C.C. art. 852 is applicable and the plea of 30 years acquisitive prescription must be sustained.
The question of damages has not been raised on appeal and this claim appears to have been abandoned. For the reason assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of petitioners, Mrs. Pearl B. Duplantis and Curtis P. Duplantis, and against the defendant, John Locascio, recognizing and maintaining petitioners in possession of the following described property, to-wit:
“A certain tract of land lying and being situated in the South Half of Section 36, Township 6, South, Range 7 East, bounded on the north by the east and west quarter section line of said section, on the east by the right of way of Highway No. 51, on the south by Frank Locascio, Joe Demarco and others.”
Costs to be paid by defendant, John Lo- • cascio.
Judgment reversed.