BROWN, Chief Judge.
 

 |Plaintiffs, James and Patsy Saunders, brought the instant possessory action against defendants, Calvin and Patsy Hollis. The Saunders claim to have possessed a small triangular strip of land on their southern boundary with defendants’ property in the town of Spearsville, Louisiana, and that their possession was disturbed in October 2005 when defendants moved a mobile home onto the property.
 
 [1]
 
 Defendants denied the allegations of plaintiffs’ petition. Neither party asserted ownership.
 

 The trial court found that “there was no proof of open, public, unequivocal possession of such a character sufficient to give notice to the public of the character and extent of Mr. Saunders’ possession.” The court dismissed plaintiffs’ claims. It is from this judgment that plaintiffs have appealed. Defendants answered the appeal insofar as they were cast with one-half of the court costs.
 

 Discussion
 

 Plaintiffs filed a possessory action and defendants simply denied the allegations. In the possessory action, the ownership or title of the parties to the immovable property or real right therein is not at issue. La. C.C.P. art. 3661. In fact, La. C.C.P. art. 3657 prohibits the cumulation of the possessory and petitory actions by either plaintiff or defendant. A petitory action claims ownership and presupposes that the mover “is not in possession” of the immovable property or real right. La. C.C.P. art. 3651.
 

 1 ¡.Louisiana Code of Civil Procedure article 3658 sets forth the requirements for a
 
 *484
 
 plaintiff to prove in a possessory action. Specifically, article 3658 provides:
 

 To maintain the possessory action the possessor must allege and prove that:
 

 (1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
 

 (2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
 

 (3) The disturbance was one in fact or in law, as defined in Article 3659; and
 

 (4) The possessory action was instituted within a year of the disturbance.
 

 In a possessory action, the burden of proof is upon the plaintiff to establish the essential elements thereof. La. C.C.P. art. 3658;
 
 Chaney v. State Mineral Board,
 
 444 So.2d 105 (La.1983). The requisite possession to entitle one to bring a possessory action is identical to the possession which is required to commence the running of acquisitive prescription.
 
 Liner v. Louisiana Land and Exploration Company,
 
 319 So.2d 766 (La.1975). The elements and characteristics of the possession necessary to maintain a possessory action vary with the nature of the property and other relevant facts and circumstances.
 
 Liner, supra; Holley Homestead Trust v. Harrison,
 
 44,149 (La.App. 2d Cir.04/15/09), 11 So.3d 511;
 
 Ryan v. Lee,
 
 38,352 (La.App. 2d Cir.04/14/04), 870 So.2d 1137.
 

 Where, as in the instant case, a plaintiff claims only by corporeal possession without title, he must show an adverse possession within |senclosures.
 
 Alford v. Jarrell,
 
 471 So.2d 970 (La.App. 1st Cir. 1985). An enclosure does not require a fence, but does require that the land possessed as owner be established with certainty, either by natural or artificial marks sufficient to give definite notice to the world of the character and extent of the possession, its full identity and its certain boundaries.
 
 Hesser v. Richardson,
 
 579 So.2d 1136 (La.App. 2d Cir.1991);
 
 Alford, supra.
 
 The possession must be open, continuous, public, unequivocal and uninterrupted. La. C.C. art. 3476;
 
 Prieto v. St. Tammany Homesites, Inc.,
 
 602 So.2d 1111 (La.App. 1st Cir.1992).
 

 The question of whether the acts of the Saunders constituted possession is a factual determination made by the trial court which we will not disturb on appeal absent a finding that it is manifestly erroneous or clearly wrong.
 
 Alford, supra.
 

 Defendants, Calvin and Patsy Hollis, obtained title to a tract of land on the west and east side of Pilgrims’ Rest Road by a quitclaim deed from the Thomas Jefferson Masonic Lodge on October 19, 2005. The property on the east side of the road is immediately south of plaintiffs’ 4.3-acre home place. The disputed tract is on defendants’ side of the boundary with plaintiffs and is less than a quarter of an acre.
 

 La. C.C. art. 3426 provides:
 

 One who possesses a part of an immovable by virtue of a title is deemed to have constructive possession within the limits of his title. In the absence of title, one has possession only of the area he actually possesses.
 

 |4Prior to the sale to defendants, the Masonic Lodge had leased its property on both sides of Pilgrims’ Rest Road to Joe Futch, who ran a service station from 1973 until 1997. When Futch built a new station in 1983, the bank required a written lease, which he obtained from the Lodge. Futch testified that he was in possession as lessee of all of the property owned by the Lodge and that his possession on the east side of the road went all the way to the north line of the tract, i.e., the boundary line with plaintiffs’ property. Futch
 
 *485
 
 testified that on this property he parked cars and created a system for burning oil. The cars were parked on the disputed area, but the oil was burned south of that area. Futch further stated that he continued to use the oil storage bin to store oil even after he no longer operated the station. The trial court noted that the lease was never canceled, and the next act of transfer of ownership was the quitclaim deed from the Lodge to defendants in October 2005.
 

 The acts of possession by plaintiffs on the disputed tract were mowing and bush-hogging. James Saunders noted that he had cut a ditch on the disputed property but around 1970 it was filled in and leveled by Buddy Farrar at the request of Joe Futch. Prior to that time, Saunders stated that he had claimed the property and kept it cut. There was also testimony that Saunders mowed and bushhogged other property around Spearsville. Saunders testified that his house is on four acres north of where defendants’ mobile home is now located. Saunders stated that he has always believed the disputed portion belonged to him.
 

 |fiThe trial court found that these acts by Saunders, occasional bushhogging and mowing, lacked the requisite qualities of hostility and notoriousness. The court observed that plaintiffs did not construct any fences or place any markers on the land. There was no testimony as to how often the mowing or bushhogging occurred, and the court placed great weight on the fact that there was no proof of any distinct boundaries of the area mowed by Saunders. The court also discussed Joe Futch’s lease of the property and his claim that he possessed it as lessee up until the time that the Lodge transferred the land to defendants. This led the trial court to conclude that there was no proof of open, public, unequivocal possession sufficient to give notice to the public of the character and extent of plaintiffs’ possession.
 

 By virtue of a title, defendants are deemed to have constructive possession of the disputed area. Plaintiffs, with no title, were required to show unequivocal and exact corporeal possession. La. C.C. art. 3426. Plaintiffs had the burden of proving that they had possession of the immovable property in question. This is a fact question. Although James Saunders’ testimony presented facts which could have caused the issue to have been resolved in his favor, we cannot disturb a trial court’s ruling unless it was clearly wrong or manifestly erroneous. On the evidence presented, we find that the trial court could have resolved the factual issue of possession against Saunders. The burden of proof in this possessory action was on plaintiffs, and the record supports the trial court’s finding that James Saunders’ acts of bushhogging and mowing were equivocal. | f,Therefore the trial court’s conclusion that plaintiffs failed to prove with certainty that their possession of the disputed tract was open, continuous, or unequivocal must be sustained.
 

 In their answer to plaintiffs’ appeal, defendants asked this court to reverse that part of the trial court’s judgment assessing them with one-half of the court costs.
 

 Louisiana Code of Civil Procedure article 1920 provides in part:
 

 Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
 

 The allocation of court costs among the parties is a matter which is subject to the discretion of the trial court. While it is the general rule that the party cast in judgment should be taxed with costs, the trial court may assess costs in any equita
 
 *486
 
 ble manner and against any party in any proportion it deems equitable, even against the party prevailing on the merits.
 
 Koehn v. Rhodes,
 
 38,941 (La.App. 2d Cir.09/24/04), 882 So.2d 757;
 
 Spencer v. Red River Lodging,
 
 37,390 (La.App. 2d Cir.02/05/04), 865 So.2d 337;
 
 Williams v. Wiggins,
 
 26,060 (La.App. 2d Cir.08/17/94), 641 So.2d 1068.
 

 On review, a trial court’s assessment of costs can be reversed only upon a showing of abuse of discretion.
 
 Spencer, supra; Jackson v. Lare,
 
 34,124 (La.App. 2d Cir.11/01/00), 779 So.2d 808.
 

 In the instant case, the trial court allocated costs equally between the parties. Although defendants prevailed, the trial court can assess costs based on its discretionary authority alone.
 
 See, e.g., Lee v. Constar, Inc.,
 
 05-633 (La.App. 5th Cir.02/14/06), 921 So.2d 1240. We cannot say that the trial court abused its discretion in the assessment of costs in this matter.
 

 Conclusion
 

 For the reasons set forth above, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiffs, James T. and Patsy Saunders.
 

 APPLICATION FOR REHEARING
 

 Before BROWN, STEWART, GASKINS, PEATROSS, and DREW, JJ.
 

 | Rehearing denied.
 

 [1]
 

 . The actual date of the disturbance appears to have been in February 2006. Regardless, the petition was filed on August 1, 2006, less than one year from either date.