GARRETT, J.
| ¡The defendant in this possessory action, Randy Joe Aaron, appeals from a trial court judgment maintaining the plaintiffs, Douglas Byron Strain and India Jean Strain, in possession of the disputed property. We affirm the trial court judgment.
FACTS
The parties are neighbors in rural Lincoln Parish. The instant dispute arose in 2012 after the defendant had the plaintiffs’ property surveyed, and the resulting survey called into question the boundaries of the plaintiffs’ property. The undisputed northern boundary of the plaintiffs’ property is Louisiana Highway 821. On the other three sides, the property is enclosed by a barbed wire fence which allegedly extends beyond the boundaries set forth in the plaintiffs’ deeds of acquisition.[1] On the east side of the property, the fence extends about 23' feet beyond the deed description. The south side of the fence slopes down in a westerly direction at an angle from the southeast corner, resulting in a triangular-shaped area extending beyond the property description. The west side of the fence meanders around a pond and then runs straight up to the highway. This side of the fence apparently extends about 130 feet beyond the plaintiffs’ west property line. As a result of the survey, the defendant attempted to erect a new fence.
In March 2012, the plaintiffs filed a petition to be maintained in possession, for a temporary restraining order (“TRO”), preliminary and permanent injunctions, and damages. They asserted that they had possessed | ¡¡the disputed property within the boundaries of a maintained barbed wire fence on the east, south and west sides and a state highway on the north side. In support of this claim, they attached a copy of the January 2012 survey which showed the fence. The plaintiffs alleged that, since March 27, 2012, the defendant and his agents had trespassed on the property and started construction of a fence. They asserted that this action was taken despite a letter to the defendant by their counsel which instructed him to refrain from such conduct. The plaintiffs sought recognition by the court of their right to possession of the property and requested that the court order the defendant to assert his adverse claim of ownership within a delay not to exceed 60 days after judgment became executory. They further asked for injunctive relief. The court granted a TRO and set a hearing on *555 the preliminary injunction. However, the record indicates that the defendant voluntarily ceased his activities pending the outcome of the litigation.
After filing a general denial answer, the defendant later filed a reconventional demand asserting that the parties owned adjoining property and requesting that the boundary between the parties’ property be fixed in accordance with La. C.C. art. 792 and Mr. Duty’s survey. In their answer, the plaintiffs sought to have the boundary set on the lines of possession.
Trial on the possessory action, permanent injunction, and reconventional demand was held on June 10, 2013. Testifying in the plaintiffs’ case-in-chief were Mr. Strain; their neighbors, Charles and Karen Rinehart; their friends and frequent guests, Steve and Sabrina Boyette; and Mr. Strain’s best friend, Ronald Manley. These witnesses recounted their ^observations of the plaintiffs’ acts of possession, which extended to the fence line. In addition to his own testimony, the defendant presented that of neighbors Thomas Chandler, Lee Jay Haddox, Larry Pen-uell, and Dennis Penuell. They generally testified that they had not observed any acts of possession by the plaintiffs. Mr. Strain testified again in rebuttal.
On September 10, 2013, the trial court issued a detailed and well-written opinion in which it ruled in favor of the plaintiffs. The court found that the plaintiffs purchased a two-acre tract in 1982 and then another contiguous two-acre tract in 1994. The plaintiffs’ residence is on the east half of the property. They have lived there continuously since acquiring the property and raised their family there. The court found that the property is bounded on the south, east and west by a barbed wire fence which was constructed at least five years before the lawsuit was filed. There are no barriers between the residence and the barbed wire enclosure. The west fence, which meanders around a pond, has been in place since long before the plaintiffs purchased the property. The south and east fences were constructed by the plaintiffs in about 2004. The court noted that all of the fences went beyond the legal descriptions in the plaintiffs’ deeds of acquisition.
The trial court held that the plaintiffs’ witnesses established that the plaintiffs had possessed the property up to the fences through a variety of activities— mowing, bush-hogging, planting trees, maintaining the fences, and recreational pastimes like riding four-wheelers, metal detecting and picking berries. On the other hand, the defendant’s witnesses generally |4testified that they were not aware of the plaintiffs possessing the disputed property; they had never been on the disputed property or walked the fence. These witnesses acknowledged being aware of the fences and all of them conceded that the fences prevented the defendant’s cows from coming unto the disputed property. The defendant himself acknowledged staying on his side of the fence until the survey was done. In March 2012, he began efforts to relocate the fence to the survey line. Thomas Chandler, a lifelong resident of the area, testified that he had mowed the disputed property on the west side on occasion, not as an act of ownership, but to “keep the community up.” Mr. Strain testified that he had even paid Mr. Chandler to mow that area occasionally.
The trial court concluded that the issue before it was whether the plaintiffs were in possession of the property at the time of the disturbance in fact by the defendant in March 2012, and whether the possession had been quiet and without interruption for more than a year prior to the disturbance, pursuant to La. C.C.P. art. 3658(1) and (2). The court found that it was *556 “firmly persuaded” that the plaintiffs proved by a preponderance of the evidence that they were in actual possession of the disputed property up to the barbed wire fence lines on the west, south and east side of the property for more than one year prior to the disturbance and that their possession was quiet and without interruption for more than one year immediately prior to the disturbance. Consequently, the court ruled in favor of the plaintiffs. The trial court signed a judgment maintaining the plaintiffs in possession of the disputed property. A permanent injunction was issued prohibiting the | ^defendant and anyone acting in concert with him from trespassing or entering the disputed property. The defendant’s reconventional demand was denied and he was given 60 days from mailing of the notice of signing of the judgment to assert his claim of ownership of the disputed property, or thereafter be precluded from doing so. All costs were assessed against the defendant.
The defendant filed a motion for new trial in which he claimed that he discovered after the trial that Thomas Chandler had a deed to a portion of the disputed property. He also contested the trial court’s prior ruling. After a hearing on December 12, 2013, at which the matter was submitted on the record, the trial court denied the motion for new trial.
The defendant appeals. He argues that the plaintiffs did not prove that they had possession of the property in question, as required by La. C.C.P. art. 3658.
LAW
Possession is a matter of fact; nevertheless, one who has possessed a thing for over a year acquires the right to possess it. La. C.C. art. 3422. To acquire possession, one must intend to possess as owner and must take corporeal possession of the thing. La. C.C. art. 3424. Corporeal possession is the exercise of physical acts of use, detention, or enjoyment over a thing. La. C.C. art. 3425. One who possesses a part of an immovable by virtue of a title is deemed to have constructive possession within the limits of his title. In the absence of title, one has possession only of the area he actually possesses. La. C.C. art. 3426.
|fiThe possessory action is one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted. La. C.C.P. art. 3655.
To maintain the possessory action, the possessor must allege and prove that: (1) he had possession of the immovable property or real right therein at the time the disturbance occurred; (2) he and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud; (3) the disturbance was one in fact or in law, as defined in La. C.C.P. art. 3659; and (4) the possessory action was instituted within a year of the disturbance. La. C.C.P. art. 3658. A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right therein from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment. La. C.C.P. art. 3659.
In a possessory action, the burden of proof is upon the plaintiff to establish the essential elements thereof. Saunders v. Hollis, 44,490 (La.App.2d Cir.8/19/09), 17 So.3d 482, writ denied, 2009-2221 (La.12/18/09), 23 So.3d 945. The requisite possession to entitle one to *557 bring a possessory action is identical to the possession which is required to commence the running of acquisitive prescription. Liner v. Louisiana Land & Exploration Company, 319 So.2d 766 (La.1975). The elements and characteristics of the possession necessary to maintain a possessory action 17vary with the nature of the property and other relevant facts and circumstances. Saunders, supra. The possession must be continuous, uninterrupted, peaceable, public, and unequivocal. La. C.C. art. 3476.
The question of whether acts constitute possession is a factual determination made by the trial court which the appellate court will not disturb on appeal absent a finding that, it is manifestly erroneous or clearly wrong. Saunders, supra.
DISCUSSION
The defendant argues that the trial court erred in finding that the plaintiffs proved that they possessed the disputed property, as required by La. C.C.P. art. 3658. In opposition, the plaintiffs maintain that the trial court judgment was correct and, more specifically, its factual findings were not manifestly erroneous. They point out that even the defendant’s testimony was favorable to them because he admitted that the fences had been in place for more than a year prior to the disturbance and that they served as an act of possession, i.e., they kept his cattle off the plaintiffs’ property. Furthermore, they claim that prior to the defendant’s disturbance, they possessed their homestead within enclosures, which were sufficient to give notice of the character and extent of possession.
We can scarcely improve upon the excellent and well-reasoned written opinion of the trial court. The court properly distinguished between the plaintiffs’ witnesses, who positively recounted being on the disputed property and described in great detail the plaintiffs’ numerous and extensive acts of possession, as opposed to the defendant’s witnesses, the majority of |swhom had not been on the disputed property and could only state that they had never noticed any such acts.[2] The consensus among the witnesses was that the barbed wire fence kept the defendant’s cattle off the plaintiffs’ property. When presented with conflicting testimony on several factual matters pertaining to the plaintiffs’ possession of the disputed property, the court resolved those issues in favor of the plaintiffs. The trial court had the great benefit of observing the demeanor of the witnesses as they testified. As a consequence, its reasonable credibility determinations and factual findings are entitled to great weight on appeal. As found by the trial court, the property possessed by the plaintiffs is clearly within enclosures which established the extent of the possession. Our review of the record reveals no manifest error in the trial court’s ruling that the plaintiffs had carried their burden of proving their possession of the disputed property under La. C.C.P. art. 3658. Accordingly, the judgment of the trial court is affirmed.
CONCLUSION
The trial court judgment in favor of the plaintiffs, Douglas Byron Strain and India Jean Strain, is affirmed. Costs of this appeal are assessed to the defendant, Randy Joe Aaron.
AFFIRMED.

. The location of the barbed wire fence is depicted on a survey prepared for the defendant in January 2012 by James Michael Duty, a professional land surveyor. Although the plaintiffs contest the accuracy of the survey, it was utilized during the trial and introduced as an exhibit.

. The defendant and one of his witnesses even admitted that their employment hours would have precluded them from observing any daytime acts of possession by the plaintiffs or their agents.