Judgment rendered August 27, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,364-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| TARA JEFFERSON ROBINSON AND NORRENCE ROBINSON, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, S.R. | Plaintiffs-Appellants |

versus

| | |
|---|---|
| DARYL MITCHELL, ET AL | Defendants-Appellees |

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 603,276

Honorable Brady D. O'Callaghan, Judge

* * * * *

| | |
|---|---|
| LAW OFFICE OF SUSAN E. HAMM<br>By: Susan E. Hamm | Counsel for Appellants |
| MCNEW, KING & LANDRY, LLP<br>By: Brady D. King, II | Counsel for Appellee,<br>Louisiana Patient's<br>Compensation Fund |
| LIZ MURRILL<br>Attorney General | Counsel for Appellee,<br>State of Louisiana |
| DAVID HYLAND NELSON<br>Assistant Attorney General | |

* * * * *

Before COX, STEPHENS, and HUNTER, JJ.

**STEPHENS, J.,**

The plaintiffs, Tara Robinson and Norrence Robinson, individually and on behalf of their minor child, S.R. (hereinafter "the plaintiffs" or "the Robinsons"), have appealed from an order signed on February 5, 2024, by the Honorable Brady O'Callaghan, Judge, of the First Judicial District Court, Parish of Caddo, State of Louisiana, denying them an award of expert fees and costs incurred in this medical malpractice action due to counsel's failure to abide by deadlines set by the trial judge. On appeal, the plaintiffs urge this Court to assess expert fees and costs or, alternatively, reverse and remand the matter to the trial court to do so. For the reasons set forth below, we affirm the judgment of the trial court.

## FACTS/PROCEDURAL HISTORY

In their medical malpractice suit, the plaintiffs named as defendants Dr. Daryl Mitchell and Dr. Cynthia Montgomery, APMC, d/b/a Mitchell & Montgomery, M.D.S, and Daryl Mitchell, M.D. After the plaintiffs settled with the physician defendants, the Louisiana Patient's Compensation Fund Oversight Board (the "PCF" or the "Fund") was made a defendant. The plaintiffs' claims proceeded to a jury trial in September 2022.

On September 30, 2022, the jury found that the physician defendants breached the applicable standard of care. The jury did not award any damages to Tara Robinson for past medical expenses incurred, past lost wages, custodial care (of S.R.), or future lost wages. The jury did not award any damages to Norrence Robinson. The jury also rejected the plaintiffs' claim for future medical expenses and related benefits. The jury found that the breach in the standard of care deprived Tara Robinson of a chance to decide to terminate her pregnancy and/or lose a chance to prepare for having

a child with disabilities. The jury awarded Mrs. Robinson $500,000 in general damages.

The parties then litigated the form and substance of the judgment to be rendered by the trial court, and an amended judgment on the jury verdict was entered on April 11, 2023. As it relates to the instant appeal, the judgment ordered that court costs to be assessed to the PCF were to be determined by rule to show cause to be set by the trial court.

Thereafter, counsel for the PCF requested that plaintiffs' counsel make a demand for all costs they would ask the trial court to assess against the PCF. On June 6, 2023, plaintiffs' counsel provided a letter outlining court costs and their claim for attorney fees without providing any supporting evidence such as affidavits, invoices, or proof of payment. PCF's counsel promptly emailed plaintiffs' counsel asking for invoices and supporting documentation. On June 13, 2023, plaintiffs' counsel advised defense counsel she was "working on it." Follow-up emails by the PCF's attorney requesting support for the expert witness fees requested were sent on June 15, 20, and 26, July 6 and 17, and August 15, 2023.

On August 22, 2023, the PCF's counsel emailed plaintiffs' attorney once again seeking the requested information and advising that the Fund would seek a status conference to establish deadlines if the requested information was not provided. The PCF filed a motion to set a status conference, and a conference was held on September 8, 2023 (almost one year since the jury's verdict had been rendered). On September 14, 2023, the trial court issued an order that "Plaintiffs shall file any motion and evidence seeking to cast the PCF in judgment for cost[s] on or before October 20, 2023. The PCF shall file any opposition to the plaintiffs'

2

motion to tax cost[s] on or before November 10, 2023. The hearing, if needed, on plaintiffs' motion to tax costs shall be November 27, 2023…"

Nothing was filed by the plaintiffs by the deadline of October 20, 2023. On November 2, 2023, the PCF timely filed its "Motion to Allocate and Tax Clerk of Court Cost[s]." In its supporting memorandum, the PCF noted the plaintiffs' failure to file a motion to tax costs or evidence in support thereof by the deadline set by the trial court, and asked the trial court to dismiss any claims the plaintiffs might untimely assert.

On the day set for the hearing, November 27, 2023, the plaintiffs filed a "Plaintiffs' Memorandum in Support of Cost[s]" without a motion to set such costs. At the hearing, the trial court granted the PCF's motion to allocate court costs. The record shows that no action was taken regarding the plaintiffs' memorandum in support of costs, and they took no steps to file a motion to tax costs or set said motion (since it didn't exist) for hearing.[1]

On December 13, 2023, the Fund filed an opposition to the plaintiffs' memorandum in support of her expert fees and costs. According to the PCF, since the plaintiffs failed to file a motion and supporting evidence on or before the trial court's October 20, 2023, deadline, their claims should be dismissed as untimely. In the alternative, the Fund argued that the plaintiffs failed to properly support the claims for costs sought in their "motion." The hearing on the PCF's opposition was set for January 29, 2024. On January 22, 2024, the plaintiffs filed an opposition to the PCF's pleading contesting

---

[1] The record does contain a "Motion for Telephone Status Conference and Motion to Continue" fax-filed by plaintiffs' counsel on November 22, 2023, asking the trial court to continue the hearing set for November 27, 2023, and hold a telephone status conference on the motion to continue filed by plaintiffs. The November 22, 2023, fax-filed motion was not served on the Fund, nor was an order signed in connection therewith, but instead, it was found to be moot by the trial court as it was addressed in open court at the hearing on November 27, 2023.

3

their request for expert fees and costs. At the hearing on January 29, 2024, the trial court denied plaintiffs' request to tax expert fees and costs. Plaintiffs have appealed from the order denying them an award of expert fees and costs.

## DISCUSSION

### *Plaintiffs' Argument*

Plaintiffs' first assignment of error is that the trial court erred in not considering the expert affidavits of their witnesses based solely on timing of when plaintiffs' counsel provided the affidavits. According to the plaintiffs, the circumstances around the trial court's refusal to consider the affidavits do not support such a harsh action, and the defendants were not prejudiced. In this case, plaintiffs contend that they did not ignore and/or intentionally disregard the trial court's order. Plaintiffs' counsel urges that at the time of the status conference at which the trial court set the dates, she was either preparing for and/or in multiple trials. Counsel concedes that she did miss the trial court's deadline.

Plaintiffs point out that defense counsel has had the breakdown of plaintiffs' experts costs since at least November 27, 2023 (except for Dr. Bagnell's trial appearance cost, which they got on December 6, 2023). The only issue before the trial court on November 27, 2023, was clerk of court costs, upon which the trial court ruled. Plaintiffs' counsel asserts that the violations did not prejudice the PCF; the plaintiffs were asking for costs, not the Fund. According to plaintiffs, the PCF had deposed the experts, had been provided with their fee schedules and was aware, even before trial, of what areas of medicine each expert would testify in, and the substance of each expert's opinion. Defendant understood the time involved in presenting

4

testimony.  What resulted in this case from the delay was simply the PCF having to delay its payment of costs until a later date.

In their second assignment of error, the plaintiffs urge that the trial court erred in not assessing expert fees and costs because the judge was the presiding judge during the entire trial and thus in a position to observe the expert witnesses as they testified regarding their methods and findings.

According to the plaintiffs, under the circumstances, by considering the testimony of the experts and the exhibits introduced at trial, the trial court should be able to assign costs to out-of-court time spent by certain experts.

The plaintiffs assert that the trial court's erroneous ruling excluding their expert's affidavits as evidence at the hearing to tax expert fees and costs foreclosed any findings of fact as to the fees and costs they incurred in litigating their claim.  They ask this Court to either assess the expert fees and costs, since the record providing the testimony of the experts at trial is more than sufficient for assigning costs, or reverse the trial court's ruling and remand the matter for further proceedings.

### Defendant's Argument

The PCF urges that the trial court's dismissal of the plaintiffs' motion/memorandum to tax costs, based on their failure to abide by the court-imposed deadlines, was reasonable and not an abuse of the trial court's discretion.

According to the PCF, the trial court set a reasonable October 20, 2023, deadline by which the plaintiffs were to file their motion and supporting evidence.  Even after the Fund filed its own motion to allocate and tax costs, the plaintiffs failed to either file their own motion or seek an

extension within which to do so. It was not until the day of the scheduled hearing, November 27, 2023, that the plaintiffs filed any pleadings, and then it was a memorandum in support of costs without the required motion.

The PCF contends that the plaintiffs were recalcitrant and uncooperative for many months in providing the necessary information for resolution of the issue of expert fees and related costs, which caused it to incur "significant" legal fees and costs. The trial court based its ruling on the totality of the circumstances—the plaintiffs' failure to reasonably place the issue before the trial court, which necessitated a status conference and scheduling order, followed by the plaintiffs' inability to abide by that scheduling order.

The Fund urges this Court to affirm the trial court's dismissal of the plaintiffs' motion (memorandum) as the trial court did not abuse its discretion to set and enforce deadlines. In the alternative, the PCF argues that the plaintiffs' request to tax witness fees and costs should be denied on the merits. In this case, the plaintiffs did not present testimony in support of their claims, but instead rested on affidavits. If this Court decides to consider these affidavits, the defendant points out that they nonetheless do not support the award of any fees.

The PCF urges this Court to uphold the trial court's dismissal of the plaintiffs' request, via an untimely filed memorandum, to tax expert fees and costs.

***Applicable Legal Principles***

La. C.C.P. art. 1920 provides for the taxing of costs after trial. While it is the general rule to tax the party cast in judgment, article 1920 affords the trial court discretion in the matter. Specifically, La. C.C.P. art. 1920

provides, "[e]xcept as otherwise provided by law, the court may render judgment for costs, or any party thereof, against any party, as it may consider equitable." A determination of what is "equitable" requires a case-by-case analysis and review of the facts involved. *Gurney as Trustee of Gurney Family Trust v. McCoy*, 24-0382 (La. App. 1 Cir. 11/13/24), 405 So. 3d 940, *writ denied*, 24-01511 (La. 2/25/25), 401 So. 3d 661; *Collier v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College*, 23-1211 (La. App. 1 Cir. 7/22/24), 395 So. 3d 6, *writ denied*, 24-01049 (La. 12/11/24), 396 So. 3d 966.

Courts have great discretion in assessing court costs and expert fees. *Aucoin v. Southern Quality Homes, LLC*, 07-1014 (La. 2/26/08), 984 So. 2d 685; *Cajun Electric Power Co-op. v. Owens-Corning Fiberglass Corp.*, 616 So. 2d 645 (La. 1993).

The trial court can assess costs based on its discretionary authority alone. *Green v. East Carroll Parish School District/Board*, 56,011 (La. App. 2 Cir. 12/18/24), 402 So. 3d 702, *writ denied*, 25-00153 (La. 4/15/25), 406 So. 3d 426; *Saunders v. Hollis*, 44,490 (La. App. 2 Cir. 8/19/09), 17 So. 3d 482, *writ denied*, 09-2221 (La. 12/18/09), 23 So. 3d 945. On review, a trial court's assessment of costs can be reversed only upon a showing of abuse of discretion. *Succession of Thomas*, 55,974 (La. App. 2 Cir. 12/18/24), 401 So. 3d 1277; *Saunders*, *supra*.

The following is excerpted from the trial court's oral reasons for ruling on plaintiffs' November 27, 2023, "Memorandum in Support of Costs"[2]:

---

[2] At the hearing, the parties and the trial court refer to this pleading as a motion; however, it was a memorandum in caption and form.

[T]here was apparently some delay in getting this material exchanged. And the Court was asked to conduct a status conference in September of last year…. And my recollection is that it was exactly this delay that was complained of, which is why the Court awarded more than 30 days for compliance…. I think that was done in consultation with both counsel. And I don't think that it was objected to timely. There was no objection filed [by plaintiffs' counsel] that because of other trial pressures or other obligations that the month and a week delays would be in any way unreasonable for the Court to expect compliance. And it was a deadline for filing [a motion to tax costs/set expert witness fees]. So based on the Court's own Order, the fact that no timely objection was made to that Order, nor was the request for extension made before the deadline passed, … for the Court's Orders to be meaningful[,] the Court is going to enforce its own scheduling Order, find that the November 27th filing was improvidently and untimely made and beyond the scope of the deadline set by the Court…. So I will dismiss, deny the motion filed by plaintiff[s] for costs as untimely and decline to accept any evidence as … untimely filed.

Plaintiffs' counsel not only disregarded the trial court's deadlines, she failed to file a motion to set costs and expert witness fees *at all*; what she filed instead was a memorandum which typically accompanies a motion and order, and this was not filed until November 27, 2023, the date of the hearing set for the motion to set court costs *filed by the PCF*. Typically, expert witness fees are established either during trial through each expert's testimony outside the presence of the jury or by a motion pursuant to a rule to show cause brought by the prevailing party. *See* La. R.S. 13:3666(B).[3]

---

[3] B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:

(1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.

(2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.

Having opted not to establish the amount of expert fees during trial, plaintiffs' counsel needed to timely file a motion to set the expert witness fees, but she did not do so, despite being prompted by the PCF's emails and the reasonable deadlines by the trial court. After the October 20, 2023, deadline was set, all the plaintiffs' attorney had to do was make the trial court aware of her workload by timely filing a motion for continuance or extension of time (which this trial court in all likelihood would have granted). We do not find an abuse of the trial court's discretion in this case.

Based on our finding that the trial court did not abuse its discretion in denying plaintiffs' motion to tax costs due to its untimeliness, we do not reach their second assignment of error.

## CONCLUSION

For the reasons set forth above, the judgment of the trial court is affirmed. Costs are assessed to the plaintiffs, Tara Robinson and Norrence Robinson, individually and on behalf of their minor child, S.R.

**AFFIRMED.**